NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAWRENCE GEORGE HASH, | No. 18-16732 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-01663-SK |
| v. | |
| SAMER A. KANAAN; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Sallie Kim, Magistrate Judge, Presiding[**]

Submitted July 15, 2019[***]

Before: SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

California state prisoner Lawrence George Hash appeals pro from the

district court's summary judgment in his action alleging deliberate indifference to

his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Hash failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in the treatment of Hash's gastrointestinal problems. *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; a difference of opinion concerning the course of treatment, medical malpractice, and negligence in diagnosing or treating a medical condition do not amount to deliberate indifference).

The district court did not abuse its discretion by denying Hash's motion to continue summary judgment in order to conduct additional discovery, because Hash failed to demonstrate how additional discovery would have precluded summary judgment. *See Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (setting forth standard of review and explaining that the burden is on the party seeking a continuance in order to conduct additional discovery to proffer sufficient facts to show that the evidence sought would preclude summary judgment).

The district court did not abuse its discretion by denying Hash's requests for appointment of counsel because Hash failed to demonstrate exceptional

18-16732

circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

The district court did not abuse its discretion by denying Hash's request for appointment of an expert because such an appointment was not necessary for the court to make its determination. *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1070-71 (9th Cir. 1999) (setting forth standard of review and noting that district court has discretion to appoint an expert where such an appointment is necessary).

The district court did not abuse its discretion by considering the expert declarations submitted by defendants in support of their motions for summary judgment. *See Primiano v. Cook*, 598 F.3d 558, 563, 566-67 (9th Cir. 2010) (setting forth standard of review and requirements for admitting expert testimony).

Hash's contentions that defendants waived affirmative defenses and violated his due process rights, the district court failed to consider defendants' admissions, and defendants Kanaan and Vaziri's motions for summary judgment were barred by collateral estoppel and res judicata, are unpersuasive.

We do not consider arguments raised for the first time on appeal, including Hash's arguments about *Rand* notice. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

18-16732

Hash's motion to file an oversized reply brief (Docket Entry No. 48) is granted. Hash's motion to file multiple reply briefs (Docket Entry No. 51) is granted. The Clerk shall file the reply briefs submitted at Docket Entry Nos. 45, 46, and 47.

**AFFRIMED.**

4                                                                    18-16732